UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANNY JAVIER GENAO CABRAL,

                                Petitioner,

v.

WILLIAM BARR, United States Attorney General; CHAD WOLF, Acting Secretary of the Department of Homeland Security; THOMAS FEELEY, Field Office Director for Detention and Removal; JEFFREY SEARLS, Facility Director, Buffalo Federal Detention Facility,

                                Respondents.

Case # 20-CV-6600-FPG
DECISION AND ORDER

---

## INTRODUCTION

*Pro se* Petitioner Danny Javier Genao Cabral commenced this habeas proceeding against the named Respondents pursuant to 28 U.S.C. § 2241 ("§ 2241") challenging his continued detention in the custody of the Department of Homeland Security ("DHS"). Genao Cabral primarily argues that, as a result of his serious underlying medical conditions, his detention in a congregate setting during the COVID-19 pandemic violates his constitutional rights. *See* ECF No. 1 at 1-5. Respondents have filed an unopposed motion to dismiss the Petition as moot based on the fact that Genao Cabral was released from detention on December 1, 2020, pursuant to an order of supervision or own recognizance. ECF No. 6 at 1 (citing ECF No. 6-1 ¶ 4). For the reasons discussed herein, the motion to dismiss is GRANTED.

## DISCUSSION

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)

(quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party has a "personal stake in the outcome' of the lawsuit" when he or she has "suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Genao Cabral's petition challenges only the lawfulness of his detention in DHS custody; the sole relief he seeks is release from detention. *See* ECF No. 1 at 12. Since he has now received that relief from Respondents in the form of release under an order of supervision or own recognizance, there is no longer any effectual relief this Court can provide. Accordingly, the Petition is moot. *See, e.g.*, *Denis v. DHS/ICE of Buffalo, New York*, 634 F. Supp. 2d 338, 341 (W.D.N.Y. 2009) ("Because the only relief sought by Denis, and obtainable from this Court, was release from DHS custody, Denis' habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention.") (citations omitted); *see also Tadesse v. Whitaker*, No. 6:18-CV-06682(MAT), 2019 WL 1517563, at *2 (W.D.N.Y. Apr. 8, 2019) (immigration detainee's release under an order of supervision mooted petition; rejecting argument that exception to mootness doctrine applied; finding that petitioner "has not shown a 'reasonable expectation' that he will be subjected to the same action (DHS administrative detention) in the future; to find otherwise would require the Court to assume that [he] will violate the terms of his supervised release"). Because the petition no longer presents a live case or controversy within the meaning of Article III, § 3 of the Constitution, the Court must dismiss it based on the absence of subject matter jurisdiction. *Tadesse*, 2019 WL 1517563, at *2 (citing *Lewis*, 494 U.S. at 477-78).

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss, ECF No. 6, is GRANTED, and the Petition, ECF No. 1, is DISMISSED AS MOOT. The Clerk of Court shall terminate ECF No. 8, which is simply a notice of motion that was omitted from Respondents' motion to dismiss. The Clerk of Court is further requested to close this case.

IT IS SO ORDERED.

Dated: January 6, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court